IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

TIMOTEO TOFIGA, JR. and JOYCE )
FETU on behalf of their minor child: )
POULIMA TOFIGA, )
                                                         )
                       Plaintiff, )
                                                         )
v. )
                                                         )
GEICO CHOICE INSURANCE )
COMPANY, )
Policy No. 4566-85-83-55, )
                                                         )
                       Defendant. )
_____) Case No.: 3AN-20-_____ CI

COPY
Original Received
JUL - 1 2020
Clerk of the Trial Courts

## COMPLAINT

    Plaintiffs, Timoteo Tofiga, Jr. and Joyce Fetu on behalf of their minor child: Poulima Tofiga by and through their attorneys, PENTLARGE LAW GROUP, LLC and for their Complaint against the Defendant, states and alleges as follows:

    1.    Plaintiffs are residents of the state of Alaska and have been at all times pertinent hereto.

    2.    Defendant, Geico Choice Insurance Company, Policy No. 4566-85-83-55 (Hereinafter "Geico") is licensed to do business in the state of Alaska and that at all times material hereto, Geico did business in the state of Alaska and provided automobile insurance to Plaintiffs.

    3.    On or about May 27, 2019, Plaintiffs were northbound on Boniface Parkway. After stopping for the red ball, Plaintiff Timoteo Tofiga turned left on the green arrow headed for the Glenn Highway ramp. Warren R. Taylor ran the red light and collided with the vehicle all Plaintiffs were occupying. The impact was severe enough to cause disabling damage to both

Pentlarge Law Group, LLC
1400 West Benson Boulevard Suite 550
Anchorage, Alaska 99503
(907) 276 1919  276-8000 (Fax)

vehicles causing them to be towed from the accident scene. Warren R. Taylor was charged with AMC9.14.040(A)(3)(A) Stop for Steady Red Signal: Driver failed to stop for a steady red.

4. That the negligent driver was insured at the time of the collision.

5. That the negligent driver's vehicle was insured at the time of the collision.

6. That at the time of the May 27, 2019 motor vehicle accident, Plaintiffs were insured by Geico for under insured motorist (hereinafter "UIM") coverage in the amount of $50,000.00 per person.

7. That the negligent driver was an under insured motorist on May 27, 2019 pursuant to the language of Plaintiff's Geico insurance policy.

8. That Defendant provided Plaintiffs with express written consent to make an underinsured motorist claim on behalf of their minor child for her damages pursuant to the UIM provisions of their Geico policy.

9. That Defendant's policy language legally requires Plaintiffs to file a lawsuit on behalf of their minor child, against Geico within two years of the May 27, 2019 motor vehicle accident in order to preserve their right to pursue a UIM claim on their Geico policy.

10. That Defendant, in providing Plaintiffs with express written consent to make a claim on behalf of their minor child against their uninsured motorist coverage, affirmed that Plaintiffs is legally entitled to collect damages from their uninsured motorist coverage.

11. That pursuant to Plaintiff's UIM coverage, Geico contractually obligated itself to pay Plaintiffs for damages for bodily injury caused by an accident which the Plaintiffs are legally entitled to recover from the owner or operator of an underinsured motor vehicle.

12. That the uninsured motorist caused a collision involving property damage to the vehicles involved. That the collision caused physical injury to plaintiff, Poulima Tofiga. That the medical records of plaintiff, Poulima Tofiga, are relevant to this case and will be produced in the Initial Disclosures.

13. That the underinsured motorist was 100% at fault for causing the May 27, 2019 motor vehicle accident.

14. That the Plaintiffs were not comparatively negligent in the May 27, 2019 motor vehicle accident or their minor child's resulting physical injuries and conditions.

15. That the May 27, 2019 motor vehicle accident was the proximate cause for and/or a substantial factor in Plaintiff's minor child's injuries and need for medical treatment and that the medical treatment and expenses incurred by Plaintiffs on behalf of their minor child, following the May 27, 2019 accident were both reasonable and necessary.

16. That Plaintiffs did not fail to mitigate their minor child's damages following the May 27, 2019 motor vehicle accident.

17. That Defendant is liable for past and/or future: medical expense, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, nonmarket household services, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of $100,000.00 the exact amount to be set by the trier of fact.

WHEREFORE, having stated their Complaint, Plaintiffs pray for judgment against the Defendant as follows:

1. For general and special damages for Plaintiff in an amount in excess of $100,000, the exact amount to be proven at trial;

2. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

3. For Plaintiff's costs and attorney's fees incurred in pursuing this action; and

4. For such other and further relief as the Court may deem just and equitable in the premises.

DATED this ___ day of July, 2020 at Anchorage, Alaska.

PENTLARGE LAW GROUP, LLC
Attorneys for Plaintiff

Robert J. Jurasek
Alaska Bar No.: 9110071

COMPLAINT
Tofiga v. Geico, 3AN-20-_____ CI
Page 4 of 4